IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 9, 2004

## STEVIE CALDWELL v. BRIDGETT COLLETTE CALDWELL

**Appeal from the Circuit Court for White County**
**No. CC1092     John A. Turnbull, Judge**

---

**No. M2003-02427-COA-R3-CV - Filed January 27, 2005**

---

This appeal involves a lawsuit brought by a prison inmate against his former wife for defamation and failure to properly care for their child including the failure to facilitate visitation. The trial court dismissed the complaint after determining that the inmate's slander claim was barred by the statute of limitations and that the remainder of the complaint failed to state a claim for which relief could be granted. We affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

Stevie Wilson Caldwell, Pikeville, Tennessee, Pro Se.

### MEMORANDUM OPINION[1]

The appellant, Stevie Wilson Caldwell, appeals from the trial court's final judgment dismissing his lawsuit against his former wife, Bridgett Caldwell.[2] The complaint, filed December 12, 2002, alleged that Ms. Caldwell had falsely testified under oath at Mr. Caldwell's post-conviction hearing that was held December 18, 2000. According to the complaint, this perjurious testimony and similar statements to persons in the community constituted defamation, injuring Mr.

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]Ms. Caldwell did not make an appearance in this court through counsel or pro se.

Caldwell's reputation and causing him anguish resulting in physical symptoms.[3] The complaint also alleged that Ms. Caldwell had failed to properly care for the couple's child and had failed to allow the child to visit Mr. Caldwell at prison in compliance with prior court orders from the parties' divorce. Mr. Caldwell alleged that, as a result of this conduct, he had suffered mental anguish, psychological problems, and nervous anxiety accompanied by various physical symptoms. He asked for $10,000 in compensatory damages and $8,000 in punitive damages.

When Ms. Caldwell did not answer, Mr. Caldwell filed a motion for default judgment. The trial court subsequently entered an order granting the motion since there had been no answer filed. However, the order stated that default was entered "on the grounds of separation for more than 3 years." The order continued, "Since the rule on parenting plan has not been complied with, the court will not entertain any hearing on custody or child support until such time as the parenting plan rule is complied with. Divorce is granted as of this date." Thus, it was obvious the order did not grant judgment to Mr. Caldwell on the claims in his complaint.[4]

Mr. Caldwell then filed a motion for a hearing on damages related to the default judgment. Subsequently, the trial court filed a "Superceding Order and Judgment of Dismissal." In that order, the court stated it had mistakenly entered a default judgment "thinking that this was a divorce case brought by a pro se litigant who is presently incarcerated." Further review of the file by the trial court disclosed that Mr. Caldwell was not seeking a divorce, rendering the default judgment inappropriate.

After reviewing the entire record in this case, the trial court dismissed the complaint because (1) the slander and libel claims were filed after the expiration of the applicable one-year statute of limitations and (2) the complaint failed to state a cause of action as to claims of negligent child care and custody of a child.

On appeal, Mr. Caldwell asserts the trial court should have granted him a default judgment since the defendant did not answer the complaint.

The original order granting default judgment was clearly an error, as the trial court later found. Additionally, the order did not grant judgment on the claims made in the complaint, instead it granted a divorce. The trial court properly and appropriately corrected the earlier order by entering a superseding one.

---

[3]Ms. Caldwell's testimony at the post-conviction hearing is set out in *Caldwell v. State*, No. M2001-00334-CCA-R3-PC, 2002 WL 31730875 (Tenn. Crim. App. Dec. 4, 2002) (perm. app. denied May 12, 2003).

[4]Shortly after entry of the order, Mr. Caldwell filed a motion for temporary injunction removing his child from his former wife's custody. He also filed, under a different case number (apparently the 1999 divorce action between the parties), a motion to withdraw an agreed order previously filed in his divorce action and to enforce the original parenting plan.

The trial court also correctly held that Mr. Caldwell's defamation claims were not brought within the applicable statute of limitations. Slander actions are governed by a six-month statute of limitations which expressly states that the time for filing suit begins to run when the words are uttered. Tenn. Code Ann. § 28-3-103; *Quality Auto Parts Co. v. Bluff City Buick Co.*, 876 S.W.2d 818, 821 (Tenn. 1994). The discovery rule may not be applied to extend the six-month limitation for bringing suit. *Id.* at 822. The complaint itself establishes this deadline was not met.

A party is not entitled to judgment, whether by default or otherwise, on a claim that is time-barred.[5] Consequently, the trial court did not err in denying Mr. Caldwell's motion for default judgment.

Further, we agree with the trial court that the facts alleged do not state a claim for which the law provides a remedy. There is no cause of action for damages for the type of conduct alleged in the complaint. Other remedies, through the court having continuing jurisdiction over the child's custody or the juvenile court, exist to remedy a situation where a child is not properly cared for or is in danger.

Accordingly, we affirm the judgment of the trial court dismissing Mr. Caldwell's complaint. Costs on appeal are taxed to the appellant, Stevie Caldwell.

_____
PATRICIA J. COTTRELL, JUDGE

---

[5] We also note that witnesses are not subject to civil liability for their testimony. *Mercer v. HCA Health Services of Tenn., Inc.*, 87 S.W.3d 500, 504 (Tenn. Ct. App. 2002).